**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

**MICHAEL COLBAUGH #688832,**
        **Plaintiff,**

-vs-                                                        Case No. W-16-CA-067-RP

**WILLIAM STEPHENS, LORIE DAVIS, VANCE
DRUM, TIM HUNTER, ELLIS HUTCHINSON,
and TEXAS DEPARTMENT OF CRIMINAL
JUSTICE INSTITUTIONAL DIVISION,**
        **Defendants.**

## ORDER

Before the Court are Plaintiff's Complaint (Dkt. #1), Defendants William Stephens, Lorie Davis, Vance Drum, Tim Hunter, and Ellis Hutchinson's Partial Motion to Dismiss (Dkt. #13), Defendant Texas Department of Criminal Justice (TDCJ)'s Partial Motion to Dismiss (Dkt. #19), Plaintiff's Response to Defendants' motions to dismiss (Dkt. #22), and Defendants' Reply (Dkt. #23). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

Plaintiff is incarcerated at the Hughes Unit of TDCJ. Plaintiff complains that TDCJ's religious policies violate his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc-1(a) (RLUIPA) and under the First and Fourteenth Amendments. Plaintiff claims he is a member of the Odinist faith group. Plaintiff asserts that the Odinist faith group should be allowed weekly services, separate from the services available for the Neo-Pagan faith group. Plaintiff also requests that (1) Odinist communal rituals be scheduled to occur on dates coinciding with

particular astrological events, (2) communal services be conducted with communal ritual implements, (3) only Odinist believers be allowed to attend Odinist services, and (4) that communal ritual items be stored in the chapel for communal use.

Plaintiff sues Director of Chaplaincy Vance Drum, Regional Chaplain Tim Hunter, and Unit Chaplain Ellis Hutchinson in their official and individual capacities, the Director of TDCJ-Correctional Institutions Division, Lorie Davis, in her official capacity, and William Stephens in his individual capacity[1] for violations of RLUIPA and the First and Fourteenth Amendments. Plaintiff seeks a declaration that Defendants have violated his rights under the Constitution and recognition, by publication in the newsletter "The Echo," that Defendants have substantially burdened Plaintiff's religious expression. He further seeks injunctive relief ordering defendants to schedule independent Odinist services, schedule an Odinist faith group meeting at least once per week, schedule Odinist services to occur on specific astrological dates, allow each Odinist practitioner a personal drinking vessal for use in the Odinist services, and provide communal items for Odinist services. Plaintiff also seeks injunctive relief ordering TDCJ policy to allow three or more members of any faith group to meet at least once per week, and allowing Unit Chaplains to implement changes to religious policy where necessary. Plaintiff does not seek any compensatory damages, but does seek punitive damages of $500,000 from each defendant.

---

[1] Plaintiff originally brought suit against William Stephens in both his official and individual capacities. Effective May 1, 2016, Lorie Davis became the Director of TDCJ-Correctional Institutions Division. Thus, Lorie Davis was automatically substituted for William Stephens in his official capacity, but the substitution did not affect the individual capacity claims against Stephens.

**DISCUSSION AND ANALYSIS**

A.    **Defendants' Motions to Dismiss**

Defendants Davis, Stephens, Drum, Hunter, and Hutchinson were served and ordered to answer Plaintiff's complaint. In light of Plaintiff's RLUIPA claims, Defendant TDCJ was also served and ordered to answer. Defendants Davis, Stephens, Drum, Hunter and Hutchinson filed a partial motion to dismiss and Defendant TDCJ also filed a partial motion to dismiss.

Defendant TDCJ moves to dismiss Plaintiff's claims under 42 U.S.C. § 1983 because it is immune from suit for such claims under the Eleventh Amendment.[2] Defendants Davis, Drum, Hunter, and Hutchinson move to dismiss Plaintiff's claims under 42 U.S.C. § 1983 brought against them in their official capacities for monetary damages arguing they are also entitled to Eleventh Amendment immunity.

Defendants Stephens, Drum, Hunter, and Hutchinson also move to dismiss Plaintiff's claims against them in their individual capacities under RLUIPA. Further, Defendants Stephens, Drum, Hunter and Hutchinson move to dismiss Plaintiff's claims for monetary damages under RLUIPA. Finally, Defendants Stephens, Drum, Hunter, and Hutchinson assert that they are entitled to qualified immunity for Plaintiff's claims under 42 U.S.C. § 1983 in their individual capacities.

B.    **Standard Under Rule 12 (b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must

---

[2] TDCJ admits that Congress has abrogated its immunity regarding claims brought under RLUIPA.

...
...

be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, courts remain obligated to construe a pro se complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating long-standing rule that documents filed pro se are to be construed liberally).

    **C.**    **Eleventh Amendment Immunity**

As an initial matter, to the extent Plaintiff makes any claims against Defendant TDCJ under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendment, those claims are dismissed. TDCJ is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Similarly, any claims for monetary damages against Defendants Davis, Drum, Hunter, and Hutchinson in their official capacities are dismissed because the Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d

1083,1087 (5th Cir. 1994). However, the Eleventh Amendment does not apply to a request for a federal court to grant prospective injunctive relief against state officials on the basis of federal claims; thus, a request for prospective injunctive relief against state officials or employees in their official capacities falls within an exception to Eleventh Amendment immunity. *See Ex parte Young*, 209 U.S. 123, 149 (1908).

        D.      **RLUIPA**

RLUIPA, enacted by Congress in 2000, provides that the government shall not impose a "substantial burden" on the religious exercise of a person confined to an institution unless the burden furthers "a compelling governmental interest" and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "RLUIPA imposes a higher burden than does the First Amendment in that the statute requires prison regulators to put forth a stronger justification for regulations that impinge on the religious practices of prison inmates." *Mayfield v. Texas Dep't Criminal Justice*, 529 F.3d 599, 612 (5th Cir. 2008). Defendants move to dismiss Plaintiff's RLUIPA claims against them in their individual capacities and for monetary damages.

The Fifth Circuit has held that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 331 (5th Cir. 2009). Accordingly, Plaintiff's RLUIPA claims against Defendants Stephens, Drum, Hunter, and Hutchinson in their individual capacities are dismissed. In the same case, the Fifth Circuit also held that monetary damages are not available for claims brought against state officials under RLUIPA. *Id.* Thus, Plaintiff's RLUIPA claims for monetary damages are dismissed.

### E.  Qualified Immunity

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Immunity in this sense means immunity from suit, not merely from liability. *Jackson v. City of Beaumont*, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." *Brady v. Fort Bend Cnty.*, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria-whether plaintiff's facts allege a constitutional violation-must be decided at the outset. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court later reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qulaified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223 (2009).

To the extent Defendants are sued in their individual capacities under § 1983, they assert their entitlement to qualified immunity. They assert they were not personally involved in any alleged

denials of requests for religious accommodations. Plaintiff asserts that he sent letters to each individual defendant alerting them to the violations of his rights and thus they personally failed to act to remedy the alleged constitutional violations. As explained below, defendants are not entitled to qualified immunity at this time because it is unclear from the record before the Court whether they received Plaintiff's letters and whether any alleged failure to act on the basis of those letters constitutes personal involvement in the alleged constitutional violation. Thus, it is unclear whether Defendants' conduct was objectively unreasonable in light of clearly established law.

### 1. Constitutional Violation

Defendants claim that Plaintiff's allegations do not rise to the level of a constitutional violation. The Fifth Circuit has upheld TDCJ's practice of providing for worship services to broad faith sub-groups because such a policy maximizes religious liberty while addressing compelling government interests, including security, staffing limitations, and space constraints. *Chance v. TDCJ*, 730 F.3d 404, 415 (5th Cir. 2013) (citations omitted). However, there is no evidence in the record that the reason for the denial of Plaintiff's religious accommodations is based on these factors. As such, at this time the Court cannot grant qualified immunity on this basis.

### 2. Personal Involvement

Defendants assert that they were not personally involved and that Plaintiff's only claims against Defendants Stephens, Hunter, and Drum are based on their role as supervisors. Plaintiff asserts that Defendant Hutchinson denied his request for religious accommodations. Compl. at ¶¶ 12, 15, 20-22. Plaintiff also asserts that he mailed letters to Defendants Stephens, Hunter, and Drum informing them of the alleged constitutional violations and putting them on notice of the law. #22 at 2; *see also* Compl. at ¶ 24. He asserts that through his letters Defendants knew or should have

known their alleged conduct was violating his constitutional rights and that they denied his requests for religious accommodations. *Id.* Defendants assert that this is insufficient to show that Defendants participated in the alleged wrong. A supervisor may only be held liable if one of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *Thompkins v. Belt*, 828 F.2d 298, 303–304 (5th Cir. 1987). At a minimum, Plaintiff has alleged that Defendant Hutchinson's conduct was unreasonable and that he was personally involved. Without further information regarding Defendants Stephens, Hunter, and Drum's receipt of the letters and any conduct stemming from them, Plaintiff has at least alleged that they were personally involved in the alleged constitutional violations or that there was a causal connection between their conduct and the alleged constitutional violations. Thus Defendants are not entitled to qualified immunity at this time.

## CONCLUSION

Accordingly, the claims that remain in this case are (1) Plaintiff's claims for damages under § 1983 against Defendants Stephens, Drum, Hunter, and Hutchinson in their individual capacities, and (2) Plaintiff's claims against all defendants for injunctive and declaratory relief under both § 1983 and RLUIPA.

It is therefore **ORDERED** that the Partial Motion to Dismiss filed by Defendants Stephens, Drum, Hunter, and Hutchinson on May 10, 2016, is **GRANTED IN PART AND DENIED IN PART**. Specifically, Plaintiff's § 1983 claims for monetary damages brought against Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and

Plaintiff's RLUIPA claims for monetary damages against Defendants in their official and individual capacities are **DISMISSED WITH PREJUDICE** for failure to state a claim.

It is further **ORDERED** that the Partial Motion to Dismiss filed by Defendant TDCJ on July 18, 2016 is **GRANTED**. Plaintiff's § 1983 claims against TDCJ are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is finally **ORDERED** that the deadline for filing dispositive motions in this case is December 16, 2016.

**SIGNED** on October 21, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE